United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Micheline Dorest, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-62448-Civ-Scola |
| Publix Super Markets, Inc., | ) |
| Defendant. | ) |
| | ) |

### Order On Motion To Remand

    This matter is before the Court upon the Plaintiff's motion to remand. The Defendant removed the Plaintiff's complaint to this Court on December 1, 2020, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Plaintiff's initial complaint asserted two claims against the Defendant, one for violation of the Florida Civil Rights Act of 1992 and the second for violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* On December 22, 2020, the Plaintiff filed an amended complaint, dropping her claim under the Americans With Disabilities Act, leaving only a claim pursuant to the Florida Civil Rights Act of 1992. Subsequently, the Plaintiff moved to remand her case to state court. In her motion to remand, the Plaintiff explained the "one dismissed federal claim was inadvertently included in the state complaint, and it has been deleted in the amended complaint." (ECF No. 12, at 9.) Accordingly, only a state law claim remains at issue in this litigation, which remains in very early stages. The Defendant filed its opposition to the Plaintiff's motion on December 23, 2020.

    This Court has supplemental jurisdiction over state law matters, pursuant to 28 U.S.C. § 1367. District courts should exercise supplemental jurisdiction over "any civil action of which the courts have original jurisdiction over all the claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim where, in pertinent part, all claims over which the district court has original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3).

    While the Defendant urges this Court to retain jurisdiction over this matter as the Court had original jurisdiction at the time of removal, the Court sees no compelling reason to do so. *See Shir v. Bank of Am., Corp.*, No. 10-200030-Civ., 2010 WL 11602264, at *2-3 (S.D. Fla. July 12, 2010) (Gold, J.). While the Defendant is correct that jurisdiction is determined at the time of removal such that later changes to pleadings do not impact the Court's ability to

exercise supplemental jurisdiction over a given case, the Court has discretion whether the exercise of supplemental jurisdiction is appropriate. *Id.* at *2. In deciding whether to exercise supplemental jurisdiction, the Court must consider "traditional factors bearing on the exercise of pendent jurisdiction" including "judicial economy, fairness to the parties, and whether all the claims would be expected to be tried together." *Id.* at *2. Moreover, it is state courts and not federal courts that should be the final arbiters of state law. *Ingram v. School Bd. of Miami-Dade Cty.*, 167 F. App'x 107, 108 (11th Cir. 2006). Indeed, where all federal claims are dismissed from a case before trial, there is a "very strong argument," almost a requirement, that a district court decline to exercise its powers of supplemental jurisdiction. *Id.* at 108-09.

While the Defendant claims the Plaintiff is engaged in procedural gamesmanship, the Court has no reason to believe that inclusion of the Plaintiff's federal claim in her state court complaint was anything but an innocent mistake by the Plaintiff, as the Plaintiff stated in her motion. Indeed, Plaintiff's counsel is subject to Federal Rule 11 and the threat of sanctions that come along with that provision. From a review of the record, the Court notes that there are no motions pending before the Court and this matter remains in early stages. At this stage, the Plaintiff's state law claim can be adjudicated just as easily in state court as in federal court without prejudice to either party. Dismissal of the Plaintiff's only federal law claim in the early stages of this litigation serves as a powerful reason for the Court not to exercise its powers of supplemental jurisdiction. Accordingly, the Court finds that judicial economy, convenience, and fairness militate toward remand.

In sum, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim and orders the remand of this matter. The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt **remand** of this matter and the transfer of this file back to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County. The Court **denies all pending motions as moot**, as not properly before this Court.

**Done and ordered** at Miami, Florida, on December 23, 2020.

Robert N. Scola, Jr.
United States District Judge